Case number 21-2952, Product Solutions Intl v. Aldez Containers LLC. Argument not to exceed 15 minutes per side. Mr. Hamblin, you may proceed for the appellant. Good morning. May it please the court, Mike Hamblin on behalf of the appellant, and I'd like to reserve three minutes for rebuttal. Very well. Your honors, as I was preparing for my argument, I looked over my request for oral argument, and originally I wanted to focus on the Gallagher case and why that applies, etc., etc., and I still think it applies, but what struck me as I was preparing for today is I believe that even if we take Gallagher away, even if we say that federal race judicata principles don't apply to this case and that this case should be analyzed under Michigan race judicata principles, I still think that gets me where I want to go because as I put in my reply brief, the W.J. O'Neill case really commented on the similarity between the two tests, and we're really talking about whether that fourth prong in the federal test, in my opinion, it really becomes part of the third prong, identity of causes of action, and so I think that even if the appellee is correct that SEMTEC controls, that state race judicata principles apply, I still think that as pled in the district court that the facts of this case are substantively different enough that what we really have are different facts that need to be analyzed and a different legal framework that's applied as opposed to what's going on in the first case, which is a breach of contract claim and some related claims, promissory estoppel, and some UCC claims or AUCC claim. And so like I say in my reply brief, I don't dispute, we obviously have a final judgment on the merits. Yes. You do? Well, we have a final judgment in this appeal. I was dismissed pursuant to 12B6. Well, yes, a party was dismissed as to 12B6, but do you have a final action under Michigan law? Not in the first case, Your Honor. No, I don't. Right. Okay. Yeah, that case is still underway in the district court. We're still in discovery. And do you think that dismissing one party in an ongoing action constitutes a final action for race due to coda principles under Michigan law? I think it can, yes. Really? Have you read this case called Stanton v. Woodside from this court? I don't believe I did, Your Honor. It's an unpublished opinion of this court, but it applies Michigan law and it held that the dismissal of one party from a case while others remained. Did not constitute a final action under Michigan law. I would assume you don't want to walk away from that opinion. No, I wouldn't. I think that helps us. And, you know, to the extent that we don't have a final judgment, obviously that is good for me. I think even if we do have a final judgment, in my preparations and the way I've looked at this case, I have focused on whether the facts of the first case and the law that has to be applied in the first case is the same or different than what's going on in our present case before the court this morning, which is where I'm asking to have a corporate veil pierced. So your second claim is a corporate veil piercing claim? Yes. And is that a cause of action under Michigan law?  It's more of a remedy. And that's why I brought in Gallagher because there's. Okay. Keep going. Tell me about Gallagher. So that's why I cited to Gallagher, Your Honor, because in Michigan law, there has been some confusion in the past about whether a request to pierce a corporate veil is actually a cause of action or a remedy. Gallagher clarified that it's not a separate cause of action. It's actually a remedy. But it can be brought in a separate case. But once you have a final judgment. Once you have a final judgment. You don't have. Which I do not. Neither have a. So there's no final action for race judicata purposes. But there's also not a final judgment for your cause of action. Correct. In the first case. So you don't have. Why are we here? Yeah. Well, candidly, Your Honor, I didn't see any authority in Michigan law or federal law that said I couldn't file a second case asking for a corporate veil to be pierced. If there's evidence that comes out in the first case. So normally what happens. And I don't mean to ramble, but I'll get there. Normally what happens is you get a judgment. You do a discovery to try to find the assets to satisfy the judgment. And something comes to light that you say, oh, well, now I have a reason to ask the court to pierce the corporate veil because something happened that shouldn't have happened when they were administering the company. In this case, I thought I got there before we got a judgment because there was actually a motion filed where the appellee said that they were uncollectible. And so in that case, I didn't want to, honestly, I didn't want to have to go through the first case, get a judgment, and then not be able to collect it. And as long as the, and go through that time and expense, but in as long as the appellee or the. You're going to have to, you have to litigate the second case all the way to final judgment. So you're just hoping you'd get a different judge, a different ruling? What? No, no, no, we have the same judge, and I asked for it to be consolidated with the same judge. Okay, so you didn't want to go through the first case to judgment, but you're willing to go through the second case to judgment? No, I do want to go through the first case to judgment, but the problem is in the first case, the defendant filed a pleading that said they are uncollectible. So why didn't you move to amend your complaint at that point to add your Vail-Piercing Claim? I thought about doing that, and as I looked at it, it's an optional, it's an option, it's not a requirement, and I thought that our case had gone far enough in the district court that, you know, just filing a second action, looking at the Gallagher case, looking at the Bowden-Hammer case in the circuit. I thought I could just file a separate case. So, but I'm just confused, because there is no independent Vail-Piercing action under Michigan law. Correct. There's only this remedy under Gallagher. Correct. So your second action, if it were allowed to proceed, how would it play out? Like, how do you envision this would happen? You've got the first case, going along, we're going to decide whether it's breach of contract, UCC violation, and in your case, all that will be litigated is the alter ego claim? In this case? In this, in the second action. Correct, that is correct. But that's not a cause of action under Michigan law. No. It's just a, so. It's a remedy, and the way I framed it when I filed the second case, and I can appreciate your Honor's questions regarding that, because it's something that I struggled with when I was deciding how to proceed once that motion was filed that said the defendant in the first case is uncollectible. The way I framed it to the district court was, we have this, we have what normally comes out post-judgment that the defendant is uncollectible. I think we have some facts that say that the corporation's veil should be pierced, and I'd like a ruling now in the second case that if judgment is entered against the first defendant in the first case, that the veil is going to be pierced and I can collect against the second case. So, to some extent, I am putting the cart before the horse, or the horse before the cart. I guess the cart goes before the horse in this case. Do you think it's a problem that your second case has no, is not an independent cause of action? I mean, Gallagher requires a judgment as an, I think as an element of that action to collect on judgment. I recognize it could be a problem. The only thing that I would say in response is that I don't see any specific requirement that there be a judgment if there's evidence for piercing a corporate veil before a judgment is entered. I understand what your Honor is saying, that it's a little bit unusual. But there's always a requirement that when you file an action, that it, that there be a cause of action on which you're filing, and you have now acknowledged that in this second case, there isn't one. Well, true, your Honor. There's no judgment in the first case, but I don't know that that means. Well, not only there is no judgment in the first case, piercing the veil, alter ego, is not a cause of action under Michigan laws. I understand Michigan laws. I agree with that. It's a. So how does this second action not just have to be dismissed for failure to state any kind of a claim? Because we have evidence in the record in the first case that would allow, if believed, the corporate veil to be pierced. Normally that doesn't come out. If you had some ham, you could have a ham sandwich if you had some bread here. But you haven't got either, have you? I think I do. I think, I think that I have, and again, I under, I don't want to appear unreasonable because I understand the dilemma that I'm in. But I think that under Michigan law, it's a, it's a remedy. Once you have evidence that there may be a basis for piercing a corporate veil, I don't see any prohibition against proceeding with a second case to have that adjudicated. You want to remedy an, an injury that has not yet been adjudicated to have happened to you. That's, that's accurate. That's accurate. So that would be unusual. I, I mean, it would be like saying, why don't we litigate the damages for this tort? Before we figure out whether there's been a tort. I do concede it is unusual, your honor. I do agree with that. And is there any case in Michigan law that you could cite that has allowed such a cause of action to proceed? I don't have a case for you. I did search for that. I guess what I'm relying on is the lack of a case that says I can't do that. Mm-hmm. But I certainly understand, I understand the difficulty. So if we didn't think this was race judicata, and we reversed the district court on that ground, but we also didn't think there was a cause of action, what would we do then? Well, what I would like to have happen in that case is just for a clarity that if I do proceed to a judgment in the first case, that I'm not precluded from pursuing piercing the corporate veil in the first case, either under Rule 69A or through a separate cause of action once I get a judgment in the first case. Mm-hmm. And is there authority for that proposition? I mean, on what theory? So like, yeah, if you don't have a cause of action, ordinarily your case would be dismissed under 12B6, and that would be preclusive. Correct. So how would that work for you? I think under, for example, in the Bodenhammer case that I cite in my reply brief, that also talks about corporate veil piercing being a remedy, not necessarily a cause of action. And I think if this is going the way that I sense it's going, and this case, let's just say this case goes away and I go back to the first case and I get a judgment, then I would have a basis for pursuing the remedy or asking for the remedy of piercing the corporate veil. And if I can bring the evidence and the legal argument that supports that to the district court, then I would like the opportunity to be able to do that. Because I think under Sixth Circuit law and Michigan law, if you get a judgment, there's no question that if you get a judgment and you think you have evidence that would warrant piercing a corporate veil, that you can then, in Michigan, you can proceed with a second case even though it's not termed a second cause of action. And I think you can do that in the Sixth Circuit as well. That's what Bodenhammer did. They brought a second case. Or you could proceed under Rule 69A. And I just, and that's what I, that would be my fallback position, is I don't want to be precluded from, because I tried in this case to pierce the corporate veil and if that's rejected, if that effort's rejected, I don't want to be shut out from piercing the corporate veil in the first case if that's appropriate under the facts and I get a judgment. All right. Thank you very much. Before we proceed for the next argument, I'd like to know why we don't have a time clock on the podium. All right. Can you turn it on? All right. Good morning. Good morning. Irene Hathaway on behalf of Aldez Containers. This argument was a little different than I expected. I will say that the reason we didn't brief this was because plaintiff appellant admitted that they had a final judgment and we have proceeded on that basis. The other thing that's important, however, and it's different from all the other cases we have to remember is, in this case, in the district court, Aldez was granted summary disposition for failure to state a claim. There was no claim stated. The counsel has stated in his briefs that the theory was a direct liability claim, but there were no facts alleged to state that. So there was no claim in the underlying case. I did represent Aldez below until recently. I no longer, I'm sorry, PB Products. I did represent them in the case below. So I'm very familiar with what happened there. But it was when we said, and we've frankly been saying all along in this case, that PB Products was a company that was incorporated or an LLC purely to build these bags. And when that failed, the company failed, which was why they didn't order any more product, which is why the original claim came up. So they've known all along that PB Products was out of business and had no cash. But that's a fact question. What did they, so in order for you to get raised to Dakota, under Michigan law, you have to show you have a final action, we've talked about that, but you also have to show that they couldn't have brought their veil-piercing claim earlier. And you have to show that with facts under Green v. Ziggelman from the Michigan Court of Appeals. Well, there are pleadings that state that PB Products is out of business and has no assets. Wait, talk to me about that. What pleadings state that? I think our 12B6 motion, I believe, is where it was. But, and we had, we filed a motion for a settlement conference which, in which PB Products stated that in their brief. We filed a motion to have Judge Friedman have a settlement conference on the basis that PB Products was broke. And that action was filed before, that document was filed before they brought their second claim? Yes. The second claim was filed about 11 months after the first case was, first case against Aldez was dismissed. And it was in that interim that we filed the motion for a status conference or a settlement conference and stated specifically on the record that PB Products was, had no money. And they looked at filing a bankruptcy, but for a whole bunch of reasons we. But at that point, so isn't that the point at which they learned that PB Products is uncollectible? Yes. And then they filed their action. So they couldn't. Ten months later. Okay, but this, what did they know when, has never been litigated, right? It's a fact question. What did they know when? No. Well, I mean, I'm sure counsel would admit that the day the complaint was filed, was served that I called them and said there's no money in PB Products. That. The original complaint. The original complaint. That this, you know, maybe we can, you know, maybe we can get the principals to throw in a little money to make this case go away. The original complaint in the first case. Yes. But there is no. But that's not a fact that's anywhere in the record. Like you're telling me that you had a phone call. Right. But I think the reason, the reason PSI did what they did is because they knew this from the beginning. And because they, they knew that if they were to get a judgment against PB Products it would be uncollectible. And they had already filed against Aldez in that case and lost for failure to state a claim. So that was, unless that gets reversed, unless there's an appeal from that after that case is over. That's why there's not a final action. Well, I understand, I understand, I understand the issue. I didn't bring the appeal. But I think that the second case, and to have the second case, the second case doesn't state a cause of action. The second case should be dismissed because it doesn't state a cause of action because there is no cause of action for piercing the corporate veil. And that's all that is in the second action. For that reason alone, that case should be dismissed. Whether. But is that what you argued in this case before the district court judge? We argued three things. Now on appeal. I believe that was one of them. He only ruled, and I'd have to go back and look at the original briefs, but we filed on several grounds and he only ruled on the race judicata issue. But I thought your 12B6, you did have a 12B6 before Judge Friedman, but. We had two before Judge Friedman. One in the first case, one in the second case. Yeah. And you have your race judicata defense in this second case. You also say failure to state a claim, but it's failure to state a claim because they don't have the facts to show that we're the alter ego. Well, if they were to allege that, I really don't think they would because they've known all along that that was the case. As a matter of fact, that's what caused the case because PB Products didn't have any money. That's why they didn't buy the merchandise. There's no real issue. I don't think either side's going to argue that there's an issue that PB Products is broke and there's no money there. The issue was whether Aldez, a separate company, has to go through all of this when it was not involved in it, it was a separate entity. And even if you look at all of the allegations in the second complaint against Aldez, all of those things were known. They allege, well, they shared an office because when I met with them the first time I met at Aldez's office, and I talked to employees who worked for both Aldez and PB Products. Now the So what you're saying is their original complaint, if they thought that Aldez was the alter ego of PB Products, they should have brought that alter ego claim in their original case. Well, they should have brought something in the original case against Aldez. In the first case, the only thing they pleaded was that Aldez was responsible on a theory of Right. And so the critical thing here is it's res judicata if they knew and could have brought their alter ego claim in their first claim. If there was a judgment. If there was a judgment, which A lot of ifs. And it's not res judicata if they didn't know. And you say they did know. And he says they didn't know. And that seems like a fact question, not a law question. I don't think he said that. But I think they've waived that argument in any event. Because in their briefing, they say, yes, we have a final judgment. And so when I, you know, responded to this, it's like, okay, they admit it. I shouldn't have to tell them they're wrong. There. So let's pass over the final judgment prong. Let's just go to the could they have brought their claim earlier prong. You have to show they could have brought their claim earlier. That's your burden because you're asserting an affirmative defense. They nobody, as far as I can tell, has ever made that fact determination. Because you say in your brief, I have facts I could show. But I didn't present any evidence to the district court on that point. Well, because it was nobody asked and it was it was admitted. I only I filed a motion. There is all my brief in front in the second case was there is no claim stated here, period. Period. That's what we briefed. And the judge ruled there is no claim here. It just dismissed it on race judicata. He could have dismissed it on other grounds brought in my 12B6 motion. But he only dismissed it on race judicata. But there is no Aldez, the same defendant, the same contract, the same alleged breach. All the same facts was sued in the first case, even though it had nothing to do with it. In the second case, they sue Aldez. If you look at the complaints, the complaints are identical. It says PB product breached the contract this way. Bah, bah, bah, bah. They're identical. Aldez now has been sued twice. It's had to have extensive costs because they and they admitted below that this was a final judgment. They have waived that argument. But if there wasn't a final judgment, saying there was doesn't make it so. But they can't argue the other way now. I mean, Aldez here is being dragged through a lot of expense. Well, I understand your indignation at that. The real question I think the panel has is, what exactly is it that you think we should be doing here? If it isn't race judicata because there wasn't a final judgment, we sort of frequently proceed on the theory that we can affirm a district court on any grounds that the record supports. But to what extent does the record support some other ground of affirming the district court? The other ground is they didn't state any claim below. But was that ever argued? Yes, it was a 12B6 motion. Well, I know it was a 12B6, but the judge didn't tackle the you don't state a claim at all. He decided it on the basis of race judicata. Yes, it was a 12B6 motion fair to state a claim. And any claim against Aldez is barred by race judicata. It was a 12B6 motion to dismiss, but fair to state a claim. So you think we could, let's say we don't buy race judicata. But you still want us to rule, I know you would like us to, but let's say we don't. You would like us to rule for your client. How do we do that? You affirm the judgment that the 12B6 motion, they failed to state a claim upon which relief can be granted, was correct. You can do it on other grounds if you feel. On what ground? The only thing they pleaded in their complaint was that they were acting in consort together, PB Products and Aldez. Acting in consort is not a cause of action under Michigan law. Under Michigan law, it might be part of a claim for civil conspiracy, but they didn't plead civil conspiracy. All they pleaded was that Aldez acted in consort with PB Products. That doesn't state a claim. So you can't get two bites of the apple of stating a claim. They didn't state a claim. If you don't buy the race judicata argument, which I think is a good one, but if you don't buy that, then maybe we need supplemental briefing on the 12B6 motion, fair to state a claim upon which relief can be granted in the underlying case. Because it doesn't state a claim. But the reason it doesn't state a claim is because they're trying to bring a veil-piercing claim, which doesn't exist under Michigan law? Is that? No. The second complaint doesn't state a claim. Yes. Yes. The first complaint, I'm getting myself confused. The second complaint doesn't state a claim because there is no veil-piercing under Michigan law. It's not a separate cause of action. And if you wanted to look at the 12B6 motion, fair to state a claim, if you look at it, the second complaint does not state a cause of action. It only pleads that they acted together. There's no facts pleaded. There's nothing that Aldez did in that. It's just in the first case. In the second case, other than they shared offices. It doesn't state a claim for anything against Aldez. So even if it's not race judicata, they haven't pleaded a case against Aldez because there is no cause of action for piercing the corporate veil. Well, if we were to say we're not buying race judicata, but Judge Friedman had before him, even though he didn't actually address it, the question of whether the second complaint stated a cause of action at all, stated a claim at all for purposes of 12B6. And if we were to say nothing on this record shows that it does. So we're going to affirm, but not on race judicata. We're going to say that he should be affirmed because it doesn't state a claim independently because there isn't an independent cause of action for that. What would prevent the plaintiffs here from going back to the still first case, as I understand the procedures here, and saying, well, you know, give us a judgment against product solutions. And we'll claim that Aldez is the alter ego and we get to proceed against Aldez. I mean, what would preclude them from bringing that up at this point in the first case? If there was a judgment entered against PB products in the first case? I'm sorry. That case is still, the reason there's no final judgment for race judicata purposes is that that case is still alive, right? So if we were to throw out the second case on the grounds that it doesn't state a claim, what would prevent the plaintiff from going against Aldez as the alter ego in the first case? Even though it didn't bring it up in the first case originally,  alter ego, well, they've already been dismissed on it. Aldez has already been dismissed on a 12B6 motion in the first case. My question is, what would prevent them from asking the district court to permit an amendment even though they got thrown out on 12B6? You know, it's not an unusual thing to permit an amendment after you are thrown out on a 12B6. Well, that case has been now proceeding for two years and I think is ready for trial. Okay, so as a practical matter, it might not be a very good idea, but would there be anything to actually prevent it? I guess you can always ask, but I don't think that there's any basis to bring in Aldez on a piercing the corporate veil theory because piercing the veil is not a cause of action. No, but it's a remedy. So if you did proceed in the first case to a judgment against product solutions, then the question would be, is there an available remedy against Aldez as the alter ego, even though it wasn't appropriately brought up initially in the first case? Well, if you didn't add them, I have to think this through because none of this has been briefed. True enough. But if they got a judgment in that first case and they knew they couldn't collect, could they then sue Aldez in a separate case? No, I'm talking about amending in the first case. You still have to have an underlying cause of action. There isn't an underlying cause of action. It's not a separate cause of action. It's just a remedy. They're just trying to say, I'm going to bring an action to collect on judgment, whether that comes in as an amendment in the first complaint as an alter ego theory, or they wait until after they get a judgment and then bring this Gallagher action to collect on judgment. Either way, if they were added in the first suit, we would immediately file another 12B6 motion on the basis that there are no facts to support a claim of veil piercing pleaded anywhere. All they have pleaded against Aldez is Aldez shared an office and they had some of the same employees. If we ever got to discovery, it would show that Aldez was paid for that by PSI. There is no basis for it. We're jumping through a lot of hoops for a case that is being pursued when there is no viable claim. The contract itself, I mean, I don't want to get into- Judge Larson keeps pointing out, one of the glaring deficiencies here is that there aren't any facts. Part of what I think I've been asking is, is there something to prevent an attempt to amend the complaint in the original action such that if there are any facts, we haven't decided whether there are or not. If there are any facts, they could be brought out. You have to plead, I believe, as a remedy, sufficient facts to show that Aldez had some potential, at least- Which is exactly what I just asked. So your answer is, no, there's nothing to prevent that. Well, I think that it's too late because- That's a different- The other case is going to trial and I don't think that Judge Friedman would allow that. And I think that the issue here is that the parties all want this case over. And I don't think that anyone wants to expand the case. I'm guessing that you might be speaking for your side of this, but perhaps not for the other. But, okay, thank you. Probably not. Thank you. Any rebuttal? Your Honor, I don't have any specific rebuttal other than to say that Judge Friedman, when he ruled in the first case and dismissed Aldez, it was- I'm sorry, in the second case. Now I'm getting mixed up. In the second case, it was strictly on race judicata. It was not- There was no other discussion in the opinion about failure to state any other claim. And that's the only thing I wanted to highlight, Your Honor. All right. Thank you. Thank you. And the case is submitted.